Lancaster, Plaintiff in Error, v. Woodboat Hardin, Defendant in Error.

1. The master or clerk of a boat can not enforce a claim for wages due for services rendered on board thereof by a proceeding *in rem* under the boat and vessel act. (R. C. 1855, p. 303.)
2. This rule applies to the "foreman" of a woodboat acting in the capacity or master.

*Appeal from St. Louis Circuit Court.*

*D. C. Woods,* for plaintiff in error.

I. Woodboats are included in the boat and vessel act. The foreman or mate was not master. The boat was not in the habit of carrying passengers and freight. (See 10 Mo. 531.) A proceeding *in rem* would lie against the boat to enforce the payment of the wages of such foreman. (2 P. Wms. 367; 11 Pet. 175; 8 S. & R. 118; Abbott on Ship. 196, 822.)

*Peacock,* for defendant in error.

I. The demurrer was properly sustained. Plaintiff was the actual commander or master of the boat. Calling him a foreman is an attempt to evade the statute.

Richardson, Judge, delivered the opinion of the court.

The plaintiff states, in his amended petition, that the defendant was used exclusively in the transportation of wood from places on the Illinois river to the port of St. Louis, where the owners were engaged in the wood business, and that they employed him " as foreman to superintend the hands on board, and to exercise a general control of the boat," for which they agreed to pay him fifty dollars per

month ; that he worked ninety days in that capacity and received forty-two dollars ; and asked judgment for the balance due to him. A demurrer to the petition was filed and sustained on the ground that the plaintiff's demand was not a lien on the boat.

The remedy in the state courts against boats or vessels by name is purely statutory, and a demand against a boat can not be enforced by a proceeding *in rem*, unless it is within the provisions of the statute. A lien is given for " all wages due to hands or persons employed on board such boat or vessel for work done or services rendered on board the same, except for wages which may be due to the master or clerk thereof." But the petition shows that the plaintiff as " foreman," performed the duties of master and really was the master, and, as such, whether called " foreman," captain or by any other name, was not entitled to a lien. The master of a vessel has no remedy in admiralty for his wages *in rem*, for the reason, perhaps, that he has generally the means of paying himself in his own hands; and, though it might appear in a given case that the reason of the rule had failed, the rule itself would not be relaxed. It may be that the plaintiff will lose his debt, unless he can collect it in the way he proposes, but he is in no worse condition than any other creditor who looks to the individual responsibility of his debtor. Cases may arise, not embraced by the statute, whose equity is superior to those which are expressly provided for, but, because the legislature has omitted them, the courts have no authority to enlarge the provision of the statute. The other judges concurring, the judgment will be affirmed.